JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Heather Sampson

## DEFENDANTS
City of Philadelphia d/b/a Philadelphia International Airport & Prospect Airport Services, Inc. & United States of America

**(b)** County of Residence of First Listed Plaintiff   Kent
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Spear, Greenfield, Richman, Weitz & Taggart, PC
1801 Market Street, Suite 700
Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | **IMMIGRATION** | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment / [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1346(b)(1)

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                 DOCKET NUMBER

DATE
6/19/25

SIGNATURE OF ATTORNEY OF RECORD
*/s/*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HEATHER SAMPSON** : <br> 20 Teal Court : <br> Dover, DE 19904 : <br>        Plaintiff, : <br> : <br> v. : <br> : <br> **CITY OF PHILADELPHIA** : <br> **d/b/a PHILADELPHIA** : <br> **INTERNATIONAL AIRPORT** : <br> 1515 Arch Street, 14th Floor : <br> Philadelphia, PA 19102 : <br>        & : <br> **PROSPECT AIRPORT SERVICES, INC.**: <br> 600 N. 2nd Street : <br> Suite 401 : <br> Harrisburg, PA 17101 : <br>        & : <br> **UNITED STATES OF AMERICA** : <br> c/o United States Attorney General : <br> 10th Street NW & Constitution Avenue : <br> Washington, DC 20530 : <br>        Defendants. : <br> : | **COMPLAINT IN CIVIL ACTION** <br><br> **NO.** |

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1346(b)(1), which grants the District Court exclusive jurisdiction over civil actions against the United States seeking money damages for personal injuries caused by the negligent acts or omissions of any employee of the Government while acting within the scope of their office or employment.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because all of the alleged acts or occurrences leading to plaintiff's injuries occurred within the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

## PARTIES

3. Plaintiff, Heather Sampson, is a citizen and resident of the State of Delaware, residing at the address listed in the caption of this Complaint.

4. Defendant, City of Philadelphia d/b/a Philadelphia International Airport, is a political subdivision of the Commonwealth of Pennsylvania with an address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 8500 Essington Avenue, Philadelphia, PA (hereinafter referred to as "premises").

5. At all times material hereto defendant, City of Philadelphia, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

6. Defendant, Prospect Airport Services, Inc., is a business entity doing business in the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises.

7. At all times material hereto defendant, Prospect Airport Services, Inc., was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

8. Defendant, United States of America, with a registered business address listed in the caption of this Complaint, operates the Transportation Security Administration, which is a federal agency of the executive branch of the United States Government, doing business in the

Commonwealth of Pennsylvania, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises.

9. At all times material hereto defendant, United States of America, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

## FACTS

10. On or about October 25, 2023, plaintiff was an invitee, licensee and/or otherwise legally on defendant's premises, when, as a result of the negligence and/or carelessness of the defendants, the plaintiff was injured while waiting in the TSA line due to an employee of defendants striking the plaintiff with a wheelchair.

11. As a result of this accident, plaintiff has suffered severe and permanent bodily injuries which are more fully set forth below.

## COUNT I
### Heather Sampson v. City of Philadelphia d/b/a Philadelphia International Airport
### Personal Injury

12. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

13. The negligence and/or carelessness of defendant consisted of the following:

   a. Failure to properly design, construct, maintain, and/or control the premises, walkways, lines, wheelchairs, transfer chairs which invitees, licensees and/or others are likely to travel or use to travel rendering the premises unsafe;

   b. Failure to properly monitor, test, inspect or control the premises,

3

      walkways, lines, wheelchairs, transfer chairs, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises walkways, lines, wheelchairs, transfer chairs, to such invitees, licensees and/or others legally on the premises;

d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, walkways, lines, wheelchairs, transfer chairs;

e. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

f. Failing to exercise the proper care, custody and control over the aforesaid premises;

g. Failure to inspect, maintain and/or repair known and/or unknown defects;

h. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

i. Failing to keep the premises safe knowing said failure created an unreasonable risk of harm to people;

j. Failure to exercise even slight care to keep the premises safe;

k. Failure to exercise even slight care to adequately warn people of the dangerous condition of the premises;

4

    l. Exhibiting an indifference to the condition and safety of the premises;

    m. Knowing or having reason to know that the condition of the premises created an unreasonable risk of harm to people;

    n. Knowing or having reason to know that the condition of the premises could and/or would likely cause serious harm or death to a person; and,

    o. Disregarding a known dangerous condition despite knowing that said condition could and/or would likely cause a person serious harm or death.

14. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: right lower leg tear, left knee tear, sprain and strain of left knee, sprain and strain of left hip, sprain and strain of right ankle, sprain and strain of lumbar spine, and any other ills, injuries, all to plaintiff's great loss and detriment.

15. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

16. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

17. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

18. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to

and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant plus all reasonable attorney's fees, costs, and any other relief the court deems necessary.

## COUNT II
### Heather Sampson v. Prospect Airport Services, Inc.
### Personal Injury

19. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

20. The negligence and/or carelessness of defendant consisted of the following:

    a. Failure to properly design, construct, maintain, and/or control the premises, walkways, lines, wheelchairs, transfer chairs which invitees, licensees and/or others are likely to travel or use to travel rendering the premises unsafe;

    b. Failure to properly monitor, test, inspect or control the premises, walkways, lines, wheelchairs, transfer chairs, to see if there were dangerous or defective conditions to those legally on the premises;

    c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises walkways, lines, wheelchairs, transfer chairs, to such invitees, licensees and/or others legally on the premises;

    d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the

      conditions on the premises, walkways, lines, wheelchairs, transfer chairs;

e. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

f. Failing to exercise the proper care, custody and control over the aforesaid premises;

g. Failure to inspect, maintain and/or repair known and/or unknown defects;

h. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

i. Failing to keep the premises safe knowing said failure created an unreasonable risk of harm to people;

j. Failure to exercise even slight care to keep the premises safe;

k. Failure to exercise even slight care to adequately warn people of the dangerous condition of the premises;

l. Exhibiting an indifference to the condition and safety of the premises;

m. Knowing or having reason to know that the condition of the premises created an unreasonable risk of harm to people;

n. Knowing or having reason to know that the condition of the premises could and/or would likely cause serious harm or death to a person; and,

o. Disregarding a known dangerous condition despite knowing that said condition could and/or would likely cause a person serious harm or death.

21. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body

function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: right lower leg tear, left knee tear, sprain and strain of left knee, sprain and strain of left hip, sprain and strain of right ankle, sprain and strain of lumbar spine, and any other ills, injuries, all to plaintiff's great loss and detriment.

22. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

23. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

24. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

25. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant plus all reasonable attorney's fees, costs, and any other relief the court deems necessary.

### COUNT III
### Heather Sampson v. United States of America
### Personal Injury

26. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

27. The negligence and/or carelessness of defendant consisted of the following:

a. Failure to properly design, construct, maintain, and/or control the premises, walkways, lines, wheelchairs, transfer chairs which invitees, licensees and/or others are likely to travel or use to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or control the premises, walkways, lines, wheelchairs, transfer chairs, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises walkways, lines, wheelchairs, transfer chairs, to such invitees, licensees and/or others legally on the premises;

d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, walkways, lines, wheelchairs, transfer chairs;

e. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

f. Failing to exercise the proper care, custody and control over the aforesaid premises;

g. Failure to inspect, maintain and/or repair known and/or unknown defects;

h. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

  i. Failing to keep the premises safe knowing said failure created an unreasonable risk of harm to people;

  j. Failure to exercise even slight care to keep the premises safe;

  k. Failure to exercise even slight care to adequately warn people of the dangerous condition of the premises;

  l. Exhibiting an indifference to the condition and safety of the premises;

  m. Knowing or having reason to know that the condition of the premises created an unreasonable risk of harm to people;

  n. Knowing or having reason to know that the condition of the premises could and/or would likely cause serious harm or death to a person; and,

  o. Disregarding a known dangerous condition despite knowing that said condition could and/or would likely cause a person serious harm or death.

28. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: right lower leg tear, left knee tear, sprain and strain of left knee, sprain and strain of left hip, sprain and strain of right ankle, sprain and strain of lumbar spine, and any other ills, injuries, all to plaintiff's great loss and detriment.

29. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

30. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

31.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

32.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant plus all reasonable attorney's fees, costs, and any other relief the court deems necessary.

                **SPEAR, GREENFIELD,**
                **RICHMAN, WEITZ & TAGGART, P.C.**

                _____
                **BY:    MARC F. GREENFIELD, ESQUIRE**
                        1801 Market Street, Suite 700
                        Philadelphia, PA 19103
                        (215) 985-2424
                        Attorney for Plaintiff
                        I.D. NO.: 6281

tmk

## V E R I F I C A T I O N

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

_____